**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robert Burns, Administrator of the Estate of Ryan Burns<br>423 Lime Hollow Road, Apt. 2<br>Verona, PA 15147,<br><br>Plaintiff<br><br>v.<br><br>Butler County<br>202 S. Washington St.<br>Butler, PA 16001<br><br>PrimeCare Medical, Inc.<br>202 S. Washington St.<br>Butler, PA 16001<br><br>Beau Sneddon, Warden<br>202 S. Washington St.<br>Butler, PA 16001<br><br>Jennifer Passarelli, Deputy Warden<br>202 S. Washington St.<br>Butler, PA 16001<br><br>Sheriff Michael Slupe, Chairman of the Prison Board<br>202 S. Washington St.<br>Butler, PA 16001<br><br>Correctional Officer Bauer, CO Denny, Cpt. Popinsky, Sgt. Emery, CO McClure, and CO John Doe<br>202 S. Washington St.<br>Butler, PA 16001<br><br>Sheila Stovar, Shannon George, Kristin Pigza, Cheyenne Safranek, Monica McCabe, and John Doe Medical Provider<br>202 S. Washington St.<br>Butler, PA 16001, | CIVIL ACTION<br>TRIAL BY JURY DEMANDED |

Defendants. :

## COMPLAINT

Plaintiff Robert Burns, Administrator of the Estate of Ryan Burns, by and through his attorney, Brian Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983; this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendant PrimeCare Medical, Inc. ("PrimeCare") is a resident of the Western District of Pennsylvania and a portion of the underlying action occurred in the Western District of Pennsylvania; accordingly, venue is proper pursuant to 28 U.S.C. § 1391(c)(2) and (d).

## PARTIES

3. Plaintiff Robert Burns is the Administrator of the Estate of Ryan Burns, with a mailing address of 423 Lime Hollow Road, Apt. 2, Verona, PA 15147.

4. Defendant PrimeCare is a private subcontractor of Defendant Butler County, which was contracted to provide medical care to inmates at the Butler County Prison, located at 202 S. Washington St., Butler, PA 16001.

5. Defendant Butler County owns, operates, controls, and promulgates policies governing the Butler County Prison, located at 202 S. Washington St., Butler, PA 16001.

6. Defendant Sheriff Michael Slupe is the Chairman of the Prison Board for Butler County and was the head decisionmaker for policy at the Butler County Prison at all times relevant to the instant action, including but not limited to medical care to inmates, medical subcontracting, and

medical budgets related to the subcontracting to PrimeCare, conducting business at 202 S. Washington St., Butler, PA 16001. He is sued both his individual and official capacities.

7. Defendants Sheila Stovar, Shannon George, Kristin Pigza, Cheyenne Safranek, Monica McCabe, and John Doe Medical Provider ("individual PrimeCare Defendants") are adult individuals who, at all relevant times, were employed by PrimeCare at the Butler County Prison as health care providers, conducting business at 202 S. Washington St., Butler, PA 16001. All of the individual PrimeCare Defendants' actions or inactions were taken under color of state law. These Defendants are sued in their individual capacity.

8. Defendants Correctional Officer Bauer, CO Denny, Cpt. Popinsky, Sgt. Emery, CO McClure, and John Doe Correctional Officer are adult individuals who, at all relevant times, were employed by Butler County Prison. All of these Defendants' actions or inactions were taken under color of state law. Defendants are sued in their individual capacity.

## FACTUAL BACKGROUND

9. Plaintiff re-alleges each and every averment set forth previously, as if the same were set forth here in full.

10. On or about July 14, 2023, Plaintiff's decedent, Ryan Burns, killed himself while being detained in the Butler County Prison ("BCP").

### *Facts Specific to Decedent in Regard to Individual PrimeCare Defendants*

11. Immediately upon intake to BCP on July 11, 2023, Mr. Burns denied to Defendant McCabe that he was suicidal, or that he had previously attempted to kill himself, or that he had tried to commit suicide by hanging.

12. However, based upon information and belief, the PrimeCare Defendants knew that the decedent had recently been housed at the Mercer County Prison and had received mental health treatment there.

13. Defendant McCabe housed the decedent in medical cell 5.

14. Based upon information and belief, while in medical cell 5, the decedent was to be watched every 15 minutes to prevent suicide.

15. Even though he was in a medical watch cell where he was supposed to be monitored every 15 minutes, the decedent had access to instruments capable of aiding him in attempting suicide by hanging.

16. Further, Defendant McCabe prescribed both Klonopin and Clonidine; these two medications, when combined, are known in the medical community to create an interaction that causes severe depression and suicidality in the patient.

17. Further, the dosage of Klonopin indicated on the decedent's chart greatly exceeds any reasonable daily dosage.

18. Further based upon information and belief, the combination of an excessive amount of Klonopin with Colonidine during heroin withdrawal causes suicidal ideation.

19. On July 14, 2023, Defendants Stovar, George, Pigza, Safranek, McCabe, and Doe failed to properly check on the decedent every 15 minutes per Defendant McCabe's previous order. Each of these Defendants individually and personally had a responsibility to check on the decedent, and each of them individually and personally failed to check on the decedent.

20. Further, on July 14, 2023, Defendants CO Bauer, CO Denny, Cpt. Popinsky, Sgt. Emery, and CO McClure failed to properly check on the decedent every 15 minutes per Defendant

McCabe's previous order. Each of the Defendants in this paragraph individually and personally had a responsibility to check on the decedent, and each of the named defendants individually and personally failed to check on the decedent.

21. On July 14, 2023, Mr. Burns hanged himself from a shower rod by a sheet knotted around his neck.

22. Defendants attempted to revive Mr. Burns, but he never regained consciousness. Mr. Burns suffered injuries to his head, face, and neck.

***Facts Specific to Supervisory, Vicarious, and Training Liability regarding Defendants Butler County and PrimeCare***

23. Defendants Butler and PrimeCare knew or should have known of the institutional deficiencies in the care and services they provided to the inmates in the Butler County Prison, with whose care they were charged.

24. Specifically, there was an instituted policy at the time of Mr. Burns's detention at Butler County Prison of cost-cutting measures and inadequate care for inmates with extreme mental health needs.

25. More specifically, Defendants Sneddon, Passarelli, and Slupe were personally responsible for implementing policies and procedures at the Butler County Prison at the time Mr. Burns was an inmate.

26. Defendants Sneddon, Passarelli, and Slupe oversaw all prison operations and were responsible for hiring and firing all employees of the Butler County Prison.

27. Defendants Sneddon, Passarelli, and Slupe had the authority to enact and enforce corrections policy at the Butler County Prison.

28. Defendants Sneddon, Passarelli, and Slupe implemented the policy of not having a full-time psychologist or psychiatrist on staff at the Butler County Prison.

29. Defendants Sneddon, Passarelli, and Slupe decided to subcontract medical care to inmates at the Butler County Prison to PrimeCare, and determined the budget for PrimeCare.

30. Defendant Sneddon, Passarelli, and Slupe had the authority to enact and enforce medical policy at the Butler County Prison.

31. Further, based on information and belief, PrimeCare was paid a "flat fee" for care to inmates at the Butler County Prison, thereby incentivizing PrimeCare to provide the least amount of care to inmates at the Butler County Prison.

32. According to the Bureau of Justice Statistics, suicide has been the second leading cause of death in local prisons since 2000, behind illness.

33. Butler County Prison has a history of failing to monitor inmates like Mr. Burns, failing to prevent foreseeable suicides, failing to provide adequate healthcare, and failing to ensure that security protocols are being followed to protect inmate safety.

a. In 2021, inmate David Demharter killed himself in Butler County Prison after Butler County and its contracted healthcare providers failed to perform any suicide risk assessment or treatment, despite Mr. Demharter's known mental health disorders and suicidal ideation. *Stolar-Demharter v. Wexford Health Sources, Inc., et al.*, No. 23-87.
b. In 2015, Butler County Prison healthcare providers failed to properly assess and treat inmate Richard Townsend's brain injury, causing him to suffer acute and chronic subdural hemorrhage that resulted in his wrongful death. *Townsend v. Wexford Health Sources, Inc., et al.*, No. 16-cv-1428.
c. In 2010, Butler County Prison failed to protect inmate Dameine Austin from being violently assaulted by other inmates, despite Mr. Austin's repeated reports of threats

from his attackers; Mr. Austin was also denied adequate medical care, causing him to sustain serious injuries. *Austin v. County of Butler, et al.*, No. 12-cv-534.

d. In 2014, Butler County Prison staff ignored Adam Dinsmore's severe medical symptoms and repeated requests to be evaluated at a hospital; Mr. Dinsmore was eventually hospitalized and placed in intensive care for a collapsed lung and a liver lesion, from which he sustained permanent injuries. *Dinsmore v. County of Butler, et al.*, No. 16-cv-752.

e. In 2022, Butler County Prison staff allowed inmate Kristoffer Ion to be brutally beaten; the prison medical providers then failed to provide prompt and adequate medical care, causing Mr. Ion to suffer injuries and damages. *Ion v. County of Butler, et al.*, No. 24-cv-912.

f. In 2006, Butler County Prison inmate James Raub was not properly assessed and treated for serious medical symptoms, causing him to sustain severe and permanent injuries. *Raub v. County of Butler*, 08-cv-511.

g. In 2022, Butler County Prison refused to provide medical treatment for detainee Ryan Williams's serious medical symptoms, causing him to sustain avoidable injuries and pain. *Williams v. County of Butler, et al.*, 24-cv-625.

34. Continually, in the deaths and injuries cited in the preceding paragraph, Butler County Prison has historically failed to properly train, hire, and supervise correctional officers, correctional supervisors, mental health professionals, mental health doctors, and mental health nurses.

35. Continually, in the incidents cited, the employees of Butler County Prison have not followed the rules promulgated by Defendant Butler County regarding the monitoring of inmates who are suicidal and/or suffering from behavioral health disorders.

36. Continually, in the incidents cited, Defendant Butler County does not have proper policies and practices in place to ensure staff members communicate suicidal risk to each other among different units.

37. Continually, in the incidents cited, Defendant PrimeCare has not provided proper medical care to inmates due to cost-saving techniques that routinely deprive inmates of needed medical care.

**COUNT I:**
**FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**
**PLAINTIFF V. ALL DEFENDANTS**

38. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

39. Mr. Burns had a known history of severe mental illness and a history of attempted suicide.

40. Mr. Burns cooperated with corrections officers and health care providers regarding his mental health treatment.

41. Mr. Burns entered BCP in an obviously fragile condition due to the severity of his mental health condition.

42. Despite showing signs of continuing behavioral health concerns, Mr. Burns was supposed to be watched every 15 minutes while under the care and supervision of Defendant Butler County.

43. Defendants acted deliberately, recklessly, and with a conscious disregard of the obvious risk that Mr. Burns would commit suicide.

44. Defendants' actions caused Mr. Burns to needlessly suffer, served no penological purpose, and caused him to commit suicide to end his mental anguish.

45. As a direct and proximate cause of Defendants' actions, Mr. Burns suffered emotional injury, immense physical pain, humiliation, fear, physical injuries, and death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, and allowable costs of suit, and brings this action to recover same.

**COUNT II:**
**SUPERVISOR LIABILITY**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS BUTLER COUNTY, PRIMECARE, SNEDDON, PASSARELLI, AND SLUPE**

46. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

47. Defendants were deliberately indifferent to the needs of mentally ill persons who were under their supervision at BCP.

48. Upon information and belief, Defendants were aware that certain policies and customs posed a grave danger to behavioral health patients detained in BCP, including Mr. Burns.

49. Defendants maintained a policy of inadequately staffing the facility with staff who could properly address inmates with severe mental illnesses.

50. In spite of such knowledge, Defendants did nothing to implement a corrective policy or custom; Defendants knew this inaction posed a serious danger to inmates and pretrial detainees, including Mr. Burns.

51. Defendants were deliberately indifferent to the well-being of the behavioral health patients detained in BCP, including Mr. Burns.

52. Defendants knew of their supervisory failures and knew that mentally ill detainees were not receiving adequate treatment, but deliberately failed to correct the problem.

53. Defendants were aware of a substantial risk that mentally ill detainees would harm themselves or commit suicide because of inadequate care.

54. Defendants were deliberately indifferent to the needs of mentally ill persons, specifically those with a history of substance abuse, who were detained at BCP under their supervision.

55. Defendants were deliberately indifferent to the consequences of their established policies and customs.

56. Defendants' establishment and maintenance of the above-mentioned policies and customs directly caused Mr. Burns to be deprived of his constitutional rights.

57. As a direct and proximate result of Defendants' deliberate indifference, Mr. Burns suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, Mr. Burns's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

58. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, and allowable costs of suit, and brings this action to recover same.

**COUNT III:**
**MUNICIPAL LIABILITY**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS BUTLER COUNTY AND PRIMECARE**

59. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

60. Defendants promulgated and maintained policies and customs, as pled at length above, which were the moving force that caused Mr. Burns's constitutional and statutory rights to be violated.

61. Defendants failed to adhere to protocol in detecting and safeguarding inmates suspected of contemplating suicide, where they admitted he needed increased monitoring, yet failed to follow their own protocol.

62. Defendants maintained a policy of staffing the facility without proper medical professionals to treat mentally ill inmates with a particular vulnerability to suicide.

63. Defendants maintained a custom among corrections officers and behavioral healthcare providers of not sharing information about inmate and detainee behavioral health status, symptoms, history, and warning signs.

64. Defendants maintained a custom among behavioral healthcare providers to look back only at the most recent healthcare record.

65. All of the pled policies and customs were implemented before, during, and after Mr. Burns's detention at BCP.

66. Defendants knew of the dangers posed by these policies and customs.

67. Specifically, Defendants were fully aware prior to the decedent's incarceration of the extreme danger posed by housing seriously mentally ill inmates and detainees, with a history of

prior suicide attempts, in a housing unit where detainees would be able to access instruments capable of aiding in suicide by hanging.

68. Defendants knew of prior deaths at the prison as cited *supra*, yet no corrective actions were taken.

69. Had Defendants promulgated appropriate protocol or custom, or adequately trained and/or supervised the individual Defendants, Mr. Burns would have received appropriate care and supervision.

70. Defendants were deliberately indifferent to the constitutional rights of Mr. Burns.

71. Defendants' policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

72. As a direct and proximate result of Defendants' policies and customs, Mr. Burns suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, Mr. Burns's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

73. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, and allowable costs of suit, and brings this action to recover same.

**COUNT IV:**
**WRONGFUL DEATH (PENNSYLVANIA LAW)**
**PLAINTIFF V. ALL DEFENDANTS**

74. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

75. Plaintiff Robert Burns, individually and as Administrator of the Estate of Ryan Burns, brings this action on behalf of the beneficiaries under and by virtue of the Wrongful Death Act, 42 Pa.C.S. § 8301, and the applicable Rules of Civil Procedure.

76. Decedent Ryan Burns was survived by his parents, who are beneficiaries under the Wrongful Death Act.

77. As a result of the conduct of Defendants, as set forth herein, decedent Ryan Burns was caused grave injuries and death, resulting in the entitlement to damages by the beneficiaries under the Wrongful Death Act.

78. Plaintiff Robert Burns, individually and as Administrator of the Estate of Ryan Burns, claims all expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral, and burial expenses, as well as expenses of administration necessitated by reason of the injuries causing Ryan Burns's death.

79. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for services provided of which could have been expected to have been performed in the future.

80. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all pecuniary loss suffered by the beneficiaries.

81. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

82. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for the full measure of damages, including punitive damages, allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

WHEREFORE, Plaintiff demands damages, including punitive damages, against Defendants, jointly and severally, in excess of one hundred and fifty thousand dollars ($150,000) and in excess of local arbitration limits, exclusive of interests and costs.

**COUNT V:**
**SURVIVAL ACTION (PENNSYLVANIA LAW)**
**PLAINTIFF V. ALL DEFENDANTS**

83. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

84. Plaintiff Robert Burns, individually and as Administrator of the Estate of Ryan Burns, brings this Survival Action on behalf of the Estate of Ryan Burns under and by virtue of 42 Pa.C.S. § 8302, and the applicable Rules of Civil Procedure and the decisional law interpreting the Act.

85. As a result of the negligence of all Defendants set forth herein, Ryan Burns was caused grave injuries and death, resulting in the entitlement to damages by his Estate under the Survival Act.

86. As a result of the death of Ryan Burns, his Estate has been deprived of the economic value of his life expectancy, and Plaintiff claims under the Survival Act damages for all pecuniary

losses suffered by the Estate as a result of his decedent's death, including all loss of income, earnings, retirement income, benefits, and Social Security income.

87. The Administrator further claims, under the Survival Act, the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

88. The Administrator further claims, under the Survival Act, damages for the conscious pain and suffering endured by decedent prior to death, including physical pain and suffering, and mental pain and suffering leading to decedent's death.

89. The Administrator further claims, under the Survival Act, all damages, including punitive damages, recoverable pursuant to 42 Pa.C.S. § 8302, and the decisional law interpreting said Act.

WHEREFORE, Plaintiff demands damages, including punitive damages, against Defendants, jointly and severally, in excess of one hundred and fifty thousand dollars ($150,000), and in excess of local arbitration limits, exclusive of interests and costs.

**COUNT VI:**
**NEGLIGENCE – VICARIOUS LIABILITY (PENNSYLVANIA LAW)**
**PLAINTIFF V. DEFENDANT PRIMECARE**

90. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length

91. The negligence of Defendant PrimeCare, by and through its agents, servants, and/or employees, within the course and scope of their agency and employment consists of the following:

a. negligently and recklessly failing to properly communicate and review treatment records to ensure that mental health providers are fully informed of signs and symptoms of suicide risk;

b. negligently and recklessly failing to properly administer necessary medication to prevent Mr. Burns from inflicting self-harm;

c. negligently and recklessly failing to properly maintain and monitor records in order to discover noncompliance with necessary medication;

d. negligently and recklessly discharging Mr. Burns from suicide watch;

e. negligently and recklessly allowing Mr. Burns access to instruments he could use to kill himself;

f. negligently and recklessly failing to communicate to superiors and peers Mr. Burns's previous suicide attempt and the severity of Mr. Burns's mental illness;

g. negligently and recklessly failing to provide appropriate supervision to Mr. Burns;

h. negligently and recklessly not monitoring Mr. Burns while he was in their care; and

i. failing to meet the standard of care for mental health patients in United States.

WHEREFORE, Plaintiff demands damages, including punitive damages, against Defendants, jointly and severally, in excess of one hundred and fifty thousand dollars ($150,000), and in excess of local arbitration limits, exclusive of interests and costs.

**COUNT VII:**
**NEGLIGENT HIRING, RETENTION, AND SUPERVISION (PENNSYLVANIA LAW)**
**PLAINTIFF V. DEFENDANT PRIMECARE**

92. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

93. The negligence of Defendant PrimeCare in the hiring, retention, and supervision of employees and or agents consists of the following:

a. employing and retaining employees who were not competent in responding to inmates' threats to harm themselves;

b. employing and retaining employees who were not competent in communicating with inmates who are mentally ill and/or had threatened to harm themselves;

c. employing and retaining employees who were not competent in responding to inmates who are unresponsive in their cells;

d. employing and retaining employees who were not competent in reporting compliance and noncompliance with medical treatment;

e. employing and retaining employees who were not competent in performing rounds and surveillance of inmates;

f. failing to properly train employees in responding to inmates' threats to harm themselves;

g. failing to properly train employees to communicate with inmates who are mentally ill and/or had threatened to harm themselves;

h. failing to properly train employees to learn from the mental health providers when an inmate had previously been housed in the medical wing because the inmate had threatened to harm and/or kill themselves; and

i. failing to properly train its employees to meet the standard of care for mental health patients in United States.

WHEREFORE, Plaintiff demands damages, including punitive damages, against Defendants, jointly and severally, in excess of one hundred and fifty thousand dollars ($150,000), and in excess of local arbitration limits, exclusive of interests and costs.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Respectfully submitted,

June 13, 2025
DATE

*/s/Brian J. Zeiger*
BRIAN J. ZEIGER
IDENTIFICATION NO. 87063

*/s/Laura Zipin*
LAURA ZIPIN
IDENTIFICATION NO. 324914

LEVIN & ZEIGER, LLP
TWO PENN CENTER
1500 JFK BLVD, STE 620
PHILADELPHIA, PA 19102
215.825.5183
zeiger@levinzeiger.com